**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH D. WEBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24 C 02089 |
| | ) | |
| TARGET CORPORATION, a | ) | Judge John J. Tharp, Jr. |
| Minnesota Corporation, licensed and | ) | |
| doing business in Illinois, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons set forth in the statement below, the defendant's motion for summary judgment [39] is granted. Judgment shall be entered for Target Corporation. Civil case terminated.

## STATEMENT

### Background

Joseph Weber visited a retail store owned and operated by the Target Corporation in Schaumburg, Illinois on April 2, 2022. That morning, a wet snow had fallen. By the time Weber arrived at the store, a layer of snow had built up on cars, grass, and other objects in the parking lot. Inside, customers were using carts on which snow had accumulated. As the snow on the carts melted, it dripped onto the tile floor, leaving puddles of water and slush. Weber slipped on one such puddle and fell. On February 5, 2024, he filed a negligence action against Target in the Circuit Court of Cook County. Target timely removed on the basis of diversity jurisdiction.[1] Target now moves for summary judgment.

### Discussion

### I.   Standard of Review and Local Rule 56.1

A court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  Where, as here, the nonmovant bears the burden of proof at trial, he must "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A genuine issue exists when "a reasonable jury could return a verdict

---

[1] Weber is a resident and domiciliary of Illinois. Target is incorporated and headquartered in Minnesota.

for the non-moving party." *Johnson v. Edward Orton, Jr. Ceramic Found.*, 71 F.4th 601, 609 (7th Cir. 2023) (citation omitted).

Local Rule 56.1(a)(1) requires a party moving for summary judgment to submit a statement of material facts with citations to the record. In turn, the nonmovant must submit a response to the movant's statement, as well as his own statement of "any additional facts that require the denial of summary judgment." L.R. 56.1(a)(3). Unless controverted by the nonmoving party, "[a]ll material facts set forth in the [moving party's statement] will be deemed to be admitted." *Id.* The Seventh Circuit has "consistently upheld the district court's discretion to require strict compliance" with local rules and admit facts that are not appropriately contested. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (citation omitted). *See also Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008) (district court does not abuse its discretion "when it opts to disregard facts presented in a manner that does not follow [Local Rule 56.1's] instructions").

Here, Target complied with the rule by submitting a statement of material facts alongside its motion for summary judgment. Weber (who is represented by counsel) failed to reply to that statement or offer his own statement of material facts, as the rule requires. Instead, he includes two affidavits in his opposition motion, that of himself and his wife. But affidavits may not be substituted for Rule 56.1 statements. *See F.T.C. v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). Because Weber has failed to properly contest any facts set forth in Target's Rule 56.1 statement, those facts are deemed admitted.

## II.     Duty of Care

In order to state a cause of action for negligence, Weber must allege facts sufficient to demonstrate (1) the existence of a duty, (2) a breach of that duty, and (3) injury that was proximately caused by that breach. *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1069 (Ill. 2006). Weber's claim against Target fails at the first step: Target had no duty to remove the natural accumulation of water that caused Weber's fall.

In Illinois, "a landowner or possessor of real property has no duty to remove natural accumulations of ice, snow, or water from its property." *Krywin v. Chicago Transit Auth.*, 938 N.E.2d 440, 447 (Ill. 2010); *Lohan v. Walgreens Co.*, 488 N.E.2d 679, 680 (Ill. App. Ct. 1986). This includes "tracks or residue left by customers" in wet or snowy conditions. *Pytlewski v. United States*, 991 F. Supp. 1043, 1047 (N.D. Ill. 1998). Thus, a plaintiff may only recover if he can show that his injury resulted from "an unnatural or artificial accumulation of snow and ice or a natural condition aggravated by the owner." *Stypinski v. First Chicago Bldg. Corp.*, 574 N.E.2d 717, 718 (Ill. App. Ct. 1991).

Weber claims that he saw Target employees bringing snow-covered carts into the store without cleaning them off before customer use. In doing so, he argues, they created an unnatural accumulation of water that Target had a duty to remove. This argument fails for several reasons. To start, there is no evidence tying the water that caused Weber to slip to a cart brought in by a Target employee. "Mere speculation" as to the source of an accumulation of water, snow, or ice "is insufficient" to establish liability. *Ciciora v. CCAA, Inc.*, 581 F.3d 480, 484 (7th Cir. 2009). "It is beyond debate that Illinois law requires the plaintiff to prove that the accumulation of water was caused by unnatural sources." *Pearson v. Walmart Inc.*, No. 20 C 00141, 2021 WL 4477816, at *3

(N.D. Ill. Sept. 30, 2021) (cleaned up). Here, the puddle could have easily been caused by a cart brought in by a customer or by general customer foot traffic.

In any event, the natural accumulation rule generally applies to snow and water tracked in by employees, as well as customers. "To require [a property owner] to follow [employees] around and immediately clean up any melting snow, ice or water that had been brought in from the outside would be too high a burden." *Choi v. Commonwealth Edison Co.*, 578 N.E.2d 33, 37 (Ill. App. Ct. 1991) (no duty to remove water dripping from materials brought inside by employees). When faced with similar facts, a court in this district found that "it [made] no difference if [] employees, as opposed to customers, brought the carts into the store—water would have dripped off the carts regardless." *Domkiene v. Menards, Inc.*, No. 15 C 5732, 2016 WL 4607888, at *4 (N.D. Ill. Sept. 6, 2016).

In summary, Weber provides no meaningful evidence that he slipped on anything other than a natural accumulation of water. He admits that it had been snowing all day, that snow was present on many shopping carts, and that, as customers used those shopping carts, the snow melted and dripped onto the floor of the store. Whether the carts were brought in by customers or employees is immaterial: Target had no duty to remove the water either way. As such, Weber's negligence claim fails.

Date: March 11, 2026

John J. Tharp, Jr.
United States District Judge

3